JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Dnaielle Bickle
4050 Maywood Street

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Thomas Connelly, Esquire
63 N. Broad Street

## DEFENDANTS

City of Philadelphia
One Parkway

County of Residence of First Listed Defendant    Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Armando Brigandi, Esquire
1515 Arch Street, 14th Floor

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Plaintiff alleges federal civil rights violation under 42 U.S.C.Section 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  10/19/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
          Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Danielle Bickle, 4050 Maywood Street, Philadelphia, PA  19124

Address of Defendant: _____ City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).    Yes ☒    No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☒    No ☐
*RELATED CASE IF ANY*:

Case Number: _____ Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☒    No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☒    No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☒    No ☐

CIVIL: (Place   in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1.  ☐ Indemnity Contract, Marine Contract, and All
2.  ☐ FELA
3.  ☐ Jones Act – Personal Injury
4.  ☐ Antitrust
5.  ☐ Patent
6.  ☐ Labor-Management Relations
7.  ☒ Civil Rights
8.  ☐ Habeas Corpus
9.  ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

Other Contracts
1.  ☐ Insurance Contract and Other Contracts
2.  ☐ Airplane Personal Injury
3.  ☐ Assault, Defamation
4.  ☐ Marine Personal Injury
5.  ☐ Motor Vehicle personal Injury
6.  ☐ Other Personal Injury (Please specify)
7.  ☐ Products Liability
8.  ☐ Products liability - Asbestos
   9.  ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Armando Brigandi _____, counsel of record do hereby certify:

☒ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐ Pursuant to Local Civil  Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/19/16 _____    _____ Armando Brigandi, Esquire
Attorney-at-Law

92208
Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/19/16 _____    _____ Armando Brigandi, Esquire
Attorney-at-Law

92208
Attorney I.D. #

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIELLE BICKLE, et al., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiffs, | : | COMMONWEALTH OF ENNSYLVANIA |
| | : | |
| v. | : | CIVIL TRIAL DIVISION |
| | : | |
| CITY of PHILADELPIA, et al., | : | MAJOR JURY |
| | : | |
| Defendants. | : | AUGUST TERM, 2016 |
| | : | |
| | : | No. 1542 |
| | : | |

## TO ALL DEFENDANTS / A TODOS LOS ACUSADOS:

**City of Philadelphia**
1515 Arch Street #15
Philadelphia, PA  19102

**Archdiocese of Philadelphia**
222 North 17th St.
Philadelphia, PA  19103

**Milagros Maria Bonet**
2132 N. 8th St.
Apt. U-1385
Philadelphia, PA  19122

**Louis Antonio Bonet**
2132 N. 8th St.
Apt. U-1385
Philadelphia, PA  19122

**Lydia M. Caraballo,**
1501 Frankford Ave.
Philadelphia, PA  19125

**Rolando L. Martinez,**
1501 Frankford Avenue
Philadelphia, PA  19125

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with

the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through § 2255.                    ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.    ( X )

| 10/19/16 | Armando Brigandi, Esq. | Defendants |
| Date | | Attorney for |
| **(215) 683-5381** | **(215) 683-5397** | **armando.brigandi@phila.gov** |
| Telephone | FAX Number | E-mail Address |
| (Civ. 660) 10/02 | | |

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIELLE BICKLE, et al., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiffs, | : | COMMONWEALTH OF ENNSYLVANIA |
| | : | |
| v. | : | CIVIL TRIAL DIVISION |
| | : | |
| CITY of PHILADELPIA, et al., | : | MAJOR JURY |
| | : | |
| Defendants. | : | AUGUST TERM, 2016 |
| | : | |
| | : | No. 1542 |
| | : | |

**TO ALL DEFENDANTS / A TODOS LOS ACUSADOS:**

**City of Philadelphia**
**1515 Arch Street #15**
**Philadelphia, PA  19102**

**Archdiocese of Philadelphia**
**222 North 17th St.**
**Philadelphia, PA  19103**

**Milagros Maria Bonet**
**2132 N. 8th St.**
**Apt. U-1385**
**Philadelphia, PA  19122**

**Louis Antonio Bonet**
**2132 N. 8th St.**
**Apt. U-1385**
**Philadelphia, PA  19122**

**Lydia M. Caraballo,**
**1501 Frankford Ave.**
**Philadelphia, PA  19125**

**Rolando L. Martinez,**
**1501 Frankford Avenue**
**Philadelphia, PA  19125**

## NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the Eastern District of
Pennsylvania.

Pursuant to 28 U.S.C. § 1441, defendant, the City of Philadelphia, (hereinafter

"petitioners") through their counsel, Armando Brigandi, Chief Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1. In August, 2016, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, August Term, 2016; No. 1542. (Exhibit A - Complaint).

2. On September 28, 2016 said Complaint was served on Petitioner at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3. Plaintiff alleges that on or about July 2014 she sustained damages when her civil rights were violated by the defendants. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983. (Exhibit A)

**Wherefore,** petitioner, the City of Philadelphia, respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Armando Brigandi
Chief Deputy City Solicitor

**ARMANDO BRIGANDI**
**Chief Deputy City Solicitor**
**Attorney I.D. No. 92208**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

Date: 10/19/16

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIELLE BICKLE, et al., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiffs, | : | COMMONWEALTH OF ENNSYLVANIA |
| | : | |
| v. | : | CIVIL TRIAL DIVISION |
| | : | |
| CITY of PHILADELPIA, et al., | : | MAJOR JURY |
| | : | |
| Defendants. | : | AUGUST TERM, 2016 |
| | : | |
| | : | No. 1542 |
| | : | |

**TO ALL DEFENDANTS / A TODOS LOS ACUSADOS:**

**City of Philadelphia**
**1515 Arch Street #15**
**Philadelphia, PA  19102**

**Archdiocese of Philadelphia**
**222 North 17th St.**
**Philadelphia, PA  19103**

**Milagros Maria Bonet**
**2132 N. 8th St.**
**Apt. U-1385**
**Philadelphia, PA  19122**

**Louis Antonio Bonet**
**2132 N. 8th St.**
**Apt. U-1385**
**Philadelphia, PA  19122**

**Lydia M. Caraballo,**
**1501 Frankford Ave.**
**Philadelphia, PA  19125**

**Rolando L. Martinez,**
**1501 Frankford Avenue**
**Philadelphia, PA  19125**

## NOTICE OF FILING OF REMOVAL

TO:    Thomas Connelly, Esquire
        63 N. Broad Street
        Woodbury, NJ 08096

Nicholas M. Centrella, Esquire
Centre Square, West Tower
1500 Market Street, Suite 3900
Philadelphia, PA  19102

Scott M. Vernick, Esquire
2000 Market Street, 13th Floor
Philadelphia, PA  19103


PLEASE TAKE NOTICE THAT on October 19, 2016, defendants, the City of Philadelphia filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**ARMANDO BRIGANDI**
**Chief Deputy City Solicitor**
**Attorney I.D. No. 92208**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| DANIELLE BICKLE, et al., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiffs, | : | COMMONWEALTH OF ENNSYLVANIA |
| | : | |
| v. | : | CIVIL TRIAL DIVISION |
| | : | |
| CITY of PHILADELPIA, et al., | : | MAJOR JURY |
| | : | |
| Defendants. | : | AUGUST TERM, 2016 |
| | : | |
| | : | No. 1542 |
| | : | |

TO ALL DEFENDANTS / A TODOS LOS ACUSADOS:

**City of Philadelphia**
**1515 Arch Street #15**
**Philadelphia, PA  19102**

**Archdiocese of Philadelphia**
**222 North 17th St.**
**Philadelphia, PA  19103**

**Milagros Maria Bonet**
**2132 N. 8th St.**
**Apt. U-1385**
**Philadelphia, PA  19122**

**Louis Antonio Bonet**
**2132 N. 8th St.**
**Apt. U-1385**
**Philadelphia, PA  19122**

**Lydia M. Caraballo,**
**1501 Frankford Ave.**
**Philadelphia, PA  19125**

**Rolando L. Martinez,**
**1501 Frankford Avenue**
**Philadelphia, PA  19125**

## CERTIFICATE OF SERVICE

I, Armando Brigandi, Chief Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Thomas Connelly, Esquire
      63 N. Broad Street
      Woodbury, NJ  08096

      Nicholas M. Centrella, Esquire
      Centre Square, West Tower
      1500 Market Street, Suite 3900
      Philadelphia, PA  19102

      Scott M. Vernick, Esquire
      2000 Market Street, 13th Floor
      Philadelphia, PA  19103

**ARMANDO BRIGANDI**
**Chief Deputy City Solicitor**
**Attorney ID No. 92208**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

Date:  10/19/16

Exhibit "A"

THOMAS CONNELLY, ESQUIRE
Thomas P. Connelly, Jr.
PA Atty. No. 200586
63 N. Broad St.
Woodbury NJ, 08096
856.521.3771 (office)
856.624.3923 (fax)
tpc@attorneytpc.com

ATTORNEY FOR PLAINTIFFS
JURY TRIAL DEMANDED

Filed and Attested by the
Office of Judicial Records
28 SEP 2016 02:04 pm
A. STAMATO

---

DANIELLE BICKLE, et al.,

               Plaintiffs,

      v.

CITY of PHILADELPHIA, et al.,

          Defendants.

COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY,
COMMONWEALTH OF PENNSYLVANIA

CIVIL TRIAL DIVISION

MAJOR JURY

AUGUST TERM, 2016

No. 1542

TO ALL DEFENDANTS / A TODOS LOS ACUSADOS:

City of Philadelphia
1515 Arch Street #15,
Philadelphia, PA 19102

Archdiocese of Philadelphia
222 North 17th St.
Philadelphia, PA 19103

Milagros Maria Bonet
2132 N. 8th St.
Apt. U-1385
Philadelphia, PA 19122

Louis Antonio Bonet
2132 N. 8th St.
Apt. U-1385
Philadelphia, PA 19122

Lydia M. Caraballo,
1501 Frankford Ave.
Philadelphia, PA 19125

Case ID: 160801542

Rolando L. Martinez,
1501 Frankford Avenue,
Philadelphia, PA 19125.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

## AVISO A DEFENDER

Usted ha sido demandado en los tribunales. Si desea defenderse de las reivindicaciones expuestas en las siguientes páginas, usted debe tomar medidas dentro de los veinte (20) días después de esta denuncia y notificación se sirven, mediante la introducción de una apariencia escrito personalmente o mediante abogado y presentar por escrito ante el tribunal de su defensas u objeciones a las reivindicaciones expuestas en su contra. Se le advierte que si no lo hace el caso puede proceder sin ti y se podrá entablar juicio en su contra por el tribunal sin previo aviso por cualquier dinero reclamado en la denuncia o por cualquier otra reclamación o compensación solicitada por el demandante. Es posible que pierda dinero o propiedad u otros derechos importantes para usted.

DEBE TOMAR ESTE PAPEL A SU ABOGADO A LA VEZ. SI NO TIENE UN ABOGADO, DIRIGIRSE O LLAMAR A LA OFICINA ESTABLECIDOS A CONTINUACIÓN. ESTA OFICINA LE PUEDE PROPORCIONAR INFORMACIÓN ACERCA DE CONTRATAR A UN ABOGADO.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL SERVICE
1101 Market Street, 11th Floor
Philadelphia, PA 19107-2911
(215)238-6333
www.philadelphiabar.org

SI USTED NO PUEDE PERMITIRSE CONTRATAR A UN ABOGADO, ESTA SEDE PUEDE SER CAPAZ DE PROPORCIONARLE INFORMACIÓN SOBRE AGENCIAS QUE PUEDEN OFRECER SERVICIOS LEGALES A PERSONAS QUE PUEDEN OPTAR A UNA TARIFA REDUCIDA O GRATIS:

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL SERVICE
1101 Market Street, 11th Floor
Philadelphia, PA 19107-2911
(215)238-6333
www.philadelphiabar.org

Respectfully submitted,

THOMAS CONNELLY, ESQUIRE

By:    Thomas P. Connelly, Jr.
       Attorney for plaintiffs

Dated: September 28, 2016

Case ID: 160801542

THOMAS CONNELLY, ESQUIRE          ATTORNEY FOR PLAINTIFFS
Thomas P. Connelly, Jr.           JURY TRIAL DEMANDED
PA Atty. No. 200586
63 N. Broad St.
Woodbury NJ, 08096
856.521.3771 (office)
856.624.3923 (fax)
tpc@attorneytpc.com

DANIELLE BICKLE, et al.,          COURT OF COMMON PLEAS OF
                                  PHILADELPHIA COUNTY,
            Plaintiffs,           COMMONWEALTH OF PENNSYLVANIA

      v.                          CIVIL TRIAL DIVISION

CITY of PHILADELPHIA, et al.,     MAJOR JURY

            Defendants.           AUGUST TERM, 2016

                                  No. 1542

## PLAINTIFF'S COMPLAINT

Plaintiffs, by way of complaint against the defendants say as follows.

## Jurisdiction and Venue

1. This court has subject matter jurisdiction over the federally created cause of action herein because there is a presumption of concurrency, *see, e.g., Robb v. Connolly*, 111 U.S. 624 (1884); *Claflin v. Houseman*, 93 U.S. 130, 136 (1876), and Congress has not explicitly or implicitly made federal court jurisdiction over the federal claim brought herein exclusive. *See Yellow Freight System, Incorporated v. Donnelly*, 494 U.S. 820, 822 (1990).

Case ID: 160801542

2.    Venue is proper in this judicial district pursuant to Pa. R.C.P. 1006(a)(1), because this district is where "the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose". Pa. R.C.P. 1006(a)(1).

### The Parties

3.    Plaintiff, Danielle Bickle, is an adult citizen of the Commonwealth of Pennsylvania, residing at 4050 Maywood Street, Philadelphia, Pennsylvania 19124.

4.    Plaintiff, D.E. is the minor daughter of plaintiff, Danielle Bickle, residing at 4050 Maywood Street, Philadelphia, Pennsylvania 19124. At the time of this writing, D.E. is 17 years old.

5.    Plaintiff, R.O. is the minor son of plaintiff, Danielle Bickle, residing at 4050 Maywood Street, Philadelphia, Pennsylvania 19124. At the time of this writing, R.O. is 9 years old.

6.    Plaintiff, A.B. is the minor son of plaintiff, Danielle Bickle, residing at 4050 Maywood Street, Philadelphia, Pennsylvania 19124. At the time of this writing A.B. is 5 years old.

7.    Defendant, City of Philadelphia is a city and County of the Commonwealth of Pennsylvania with a regular place of business at 1515 Arch Street, No. 15, Philadelphia, PA 19102.

8. At all times relevant and material hereto, defendant City of Philadelphia was acting through its agent, Philadelphia Department of Human Services ("DHS") a department of defendant, City of Philadelphia, and its agents, servants, employees.

9. At all relevant times, DHS was supervised by, and under the direction and control of the Office of the Mayor, Defendant City of Philadelphia, with a regular place of business at 1515 Arch Street, Philadelphia, Pennsylvania, 19102.

10. At all relevant times defendant, City of Philadelphia through the Office of the Mayor, employed, supervised, directed and controlled Philadelphia Department of Human Services, and its agents, servants, and employees.

11. Defendant, Archdiocese of Philadelphia is an unincorporated non-profit business entity that provides social services including but not limited to foster care through the fictitious name and/or d/b/a "Catholic Social Services" ("CSS"), with a headquarters located at 222 North 17th Street, Philadelphia PA, 19103.

12. The Archdiocese, through CSS operates a home for foster children called St. Francis St. Joseph Home, located at 3436 Bristol Pike, Bensalem, Pennsylvania 19020.

13. Defendant Milagros Maria Bonet ("Milagros Bonet") is an adult citizen of the Commonwealth of Pennsylvania residing at 2132 N. 8th St., Apt. U-1385, Philadelphia, PA 19122.

14. At all times relevant and material hereto, defendant Milagros Bonet was acting as the agent, servant and/or employee of defendant, City of Philadelphia and engaged in conduct that she was employed to perform, which conduct occurred substantially within time and space limits authorized by defendant, City of Philadelphia, and which conduct was actuated by a purpose to serve defendant, City of Philadelphia in its business of fostering children in need.

15. Defendant Louis Antonio Bonet ("Louis Bonet") is an adult citizen of the Commonwealth of Pennsylvania residing at 2132 N. 8th St., Apt. U-1385, Philadelphia, PA 19122.

16. At all times relevant and material hereto, defendant Louis Bonet was acting as the agent, servant and/or employee of defendant, City of Philadelphia and engaged in conduct that he was employed to perform, which conduct occurred substantially within time and space limits authorized by defendant, City of Philadelphia, and which conduct was actuated by a purpose to serve defendant, City of Philadelphia in its business of fostering children in need.

17. Defendant Lydia M. Caraballo ("Lydia Caraballo") is an adult citizen of the Commonwealth of Pennsylvania residing at 1501 Frankford Avenue, Philadelphia, PA 19125.

18. At all times relevant and material hereto, defendant Lydia Caraballo was acting as the agent, servant and/or employee of defendant, City of Philadelphia and engaged in conduct that she was employed to perform, which conduct occurred substantially within time and space limits authorized by defendant, City of Philadelphia, and which conduct was actuated by a purpose to serve defendant, City of Philadelphia in its business of fostering children in need.

19. Defendant Rolando L. Martinez is an adult citizen of the Commonwealth of Pennsylvania residing at 1501 Frankford Avenue, Philadelphia, PA 19125.

20. At all times relevant and material hereto, defendant Lydia Caraballo was acting as the agent, servant and/or employee of defendant, City of Philadelphia and engaged in conduct that she was employed to perform, which conduct occurred substantially within time and space limits authorized by defendant, City of Philadelphia, and which conduct was actuated by a purpose to serve defendant, City of Philadelphia in its business of fostering children in need.

## Recitation of Material Facts

21. In July of 2014, Delores Smith-Hubbard, an employee of defendant, City of Philadelphia's Department of Human Services ("DHS") visited plaintiff, Danielle Bickle's home to inquire about her children's alleged absences from school.

22.    Smith-Hubbard claimed that "someone" had reported that Bickle was "selling drugs" out of her home, neglecting her children, and using "vulgar language" around her children.

23.    A few days later Alisha Bond from Asociación Puertorriqueños en Marcha ("APM"), a DHS community umbrella agency ("CUA") visited Bickle about the same allegations.

24.    On or about August 18, 2014 Bickle attended a truancy court hearing for D.E. and R.O.

25.    While in the waiting room before the hearing Bickle overheard Smith-Hubbard alleging to Judge Allan L. Tereshko that Bickle was "high" and looked like "trash" because of her tattoos, and that DHS was, consequently, "placing A.B. into a foster home".

26.    Bickle agreed to a drug test and to provided a urine sample, as she was confident that the analysis would be negative.

27.    To Bickle's surprise, she was advised orally that the test came back positive for methamphetamines and other drugs.

28.    Bickle does not use methamphetamine so it is impossible that her urine could produce a positive result for this drug.

29.    Upon information and belief, Bickle's positive drug screen result was falsified and/or misrepresented to the court.

30.    Though the court did not provide any paperwork regarding the test results to Bickle, D.E. was summarily seized by DHS, and the two boys at 11:00 p.m. from Bickle's home.

31.   Smith-Hubbard later lied suggesting that Bickle "took off with the boys" though Bickle never left home after returning from court.

32.   D.E. was placed into the care of defendants, Lydia Caraballo and Rolando Martinez.

33.   The boys, R.O. and A.B. were placed into the care of Milagros and Louis Bonet.

34.   On or about August 27, 2014 while Bickle visited with R.O. and A.B. for the first time since they had been placed in the Bonet home, she noticed what appeared to be bed bug bites on the boys' legs.

35.   Bickle noticed the bites becoming progressively worse over her subsequent weekly visits.

36.   A.B. reported that he was bitten by the Bonet's dog.

37.   A.B. also reported that Milagros Bonet threw a television remote control at him and struck him in the head, over a "balloon incident".

38.   Bickle fought with Alisha Bond to have the children removed from the Bonet residence, and they were moved to the Caraballo home with their sister, D.E., where unfortunately they were no safer.

39.   Defendant Lydia Caraballo drugged R.O. and A.B. with "ZzzQuil", telling them that it was "grape juice", in order to make them sleep.

40.   The "ZzzQuil" label clearly states that it is not "safe" for consumption by children under the age of 12.

41.   Caraballo also administered to D.E. Tylenol 3 that was prescribed to Caraballo.

42.   In addition to drugging the children, Caraballo made A.B., then 3 years old, sit in the corner when he accidentally wet the bed at night.

43.   D.E. never received the $10 a day allowance (standard APM procedure for teenagers) that she was to receive, nor was she *ever* allowed out of the home.

44.   Caraballo also permitted D.E. to drink wine despite the fact that she was at all relevant times under the legal drinking age.

45.   The relationship between D.E. and Caraballo was tumultuous, and after a particularly heated argument, Caraballo kicked D.E. out of the home but didn't notify Bickle of this fact, or that she had given 30-day notice to APM for D.E. to leave her home permanently.

46.   Despite not having custody of any of the children in 2015, defendants Caraballo and Martinez fraudulently claimed all 3 children on their 2015 tax return.

47.   On or about April 28, 2015 after Caraballo kicked D.E. out, APM placed D.E. into the Saint Francis Saint Joseph home for Children, an agency/facility of defendant, Archdiocese of Philadelphia.

48. Late in the evening on May 22, 2015, while D.E. was asleep, fellow resident K.M. put on a pair of boots, dragged D.E. out of her bed and and stomped on D.E.'s face, bloodying her.

49. D.E. immediately reported the incident to Shantese Clark, an employee of defendant, Archdiocese of Philadelphia, who took D.E. to Germantown Hospital, where D.E. was diagnosed with severe contusions. D.E. could not open her left eye due to swelling.

50. In the days that followed this physical assault, D.E. confided in Clark that she did not feel safe at the house due to animosity directed towards her by her housemates. Clark asked D.E. if she would like to be placed into a "saftey plan". D.E. said yes, but nothing happened. One week later, D.E. was raped.

51. D.E. was asleep in her bed when fellow residents "Demonte", A.P., and D.W. crept up on her.

52. "Demonte" and A.P. physically overpowered D.E., grabbing her wrists and holding her down as A.P. tore off her shorts, put her mouth on D.E.'s genitals and forcibly penetrated D.E. with her fingers (after A.P. touched her own genitals), thereby transmitting chlamydia to D.E.

53. D.E reported the assault to Shantese Clark and was only then transferred to the "mother baby program" on State Road for "her safety".

54. As a direct and proximate result of the two assaults, D.E. has been diagnosed with post-traumatic stress disorder (PTSD), depression and anxiety.

55. As a result of the sexual assault, D.E. contracted chlamydia.

## COUNT 1
### Civil Rights Complaint Pursuant to 42 U.S.C. § 1983
### All Plaintiffs v. City of Philadelphia

56. Plaintiffs hereby repeat and incorporate by reference each and every one of the foregoing paragraphs as though fully set forth herein.

57. This count is brought by all plaintiffs against defendant, City of Philadelphia.

58. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983.

59. In falsifying or fraudulently misrepresenting a drug screening result, defendant City of Philadelphia on August 18, 2014 unlawfully confined plaintiffs, D.E., R.O., and A.B., the natural children of plaintiff Danielle Bickle, against their will, without due process of law to children or mother, in violation of the plaintiffs' rights as provided by the Fourteenth Amendment to the United States Constitution and Article I, Section 1 of the Constitution of the Commonwealth of Pennsylvania.

60. Defendant, City of Philadelphia, in its aforesaid acts and omissions, acted or failed to act under color of law.

61. Defendant, City of Philadelphia's aforesaid acts and omissions are not peculiar to this case or to these plaintiffs, but reflect a deliberate choice by the former and current mayors of Philadelphia, Michael A. Nutter, and James F. Kenney, respectively, to turn a blind eye to DHS' institution-wide deprivation of parents' and children's constitutional rights.

62. The City of Philadelphia had little choice but to begin to address these deprivations after the highly publicized death of Danieal Kelly in 2006, and the public scrutiny that followed.

63. In April of 2014 the Community Oversight Board for the Department of Human Services issued a troubling report illustrating that DHS' institutional practices have changed very little in the years since Danieal's death. See attached Exhibit "A".

64. The motive is monetary. Defendant, City of Philadelphia through DHS routinely gives false evidence, as it did in this case, to place and keep children in Pennsylvania's dependency system, so it can receive state and federal funds allocated to it on a per child basis.

65. For example, upon information and belief seven child-welfare workers in Philadelphia were fired in February and March of 2016 in connection with at least two false reports about home visits, according to Rachel Kostelac, a spokeswoman for the Commonwealth's Department of Human Services.

66. The City's *modus operandi* is such that once it has a parent's child, it then sues the parent for child support payments, not satisfied with the state and federal funds it has already in many cases fraudulently obtained. *See, e.g. DHS v. Harris*, Phila. C.C.P. No. 03-09850.

67. Defendant, City of Philadelphia, through DHS, thus is financially incentivized to keep children from their natural parents, and acts on this incentive, perpetuating abuses upon children and their parents in pursuit of its own financial interests.

68. There is also a legal advantage to DHS' pattern of simply ignoring its mandate to expeditiously reunify children with their parents. As time progresses, children like plaintiffs herein who are stolen from their parents and kept away from them, naturally and rapidly begin to lose that parent-child contact and bonding that DHS and the courts later demand that parents prove still exists. The argument by the assistant city solicitor or child "advocate" (seemingly always in agreement) that the children's foster situation is now their "home" and must not be disturbed, soon follows.

69. The rapid and efficient of adoption of children, while DHS' purported policy goal, *see* Exhibit "A" at 29, is abhorred by DHS in practice. This is because when a child is adopted, DHS loses its funding for that child, and can no longer pursue the child's parents for child support payments.

70.   DHS' pattern of institutional violations of parents' and children's constitutional rights continue to this day.

71.   On May 16, 2016 the Commonwealth of Pennsylvania issued a scathing report on DHS' institutional practices and revoked its license to care for dependent children and issued a provisional license, having found numerous violations of Pennsylvania's Child Protective Services Law and Act 75 of 2015. A copy of the Commonwealth's audit is attached as Exhibit "B".

72.   Each and every one of the factual findings and the recommendations contained in Exhibits "A" and "B" are hereby incorporated by reference herein.

73.   These factual findings and recommendations show that the plaintiffs' experience is neither isolated nor uncommon, but merely one example of the pattern and practice of the City of Philadelphia with respect to at-risk children and their families.

74.   That pattern or practice is to ignore the legal requirements for the removal of children from their parents' custody and the due process rights of those parents and simply take a child without any predicate statutory basis.

75.   If there is a "shelter hearing" or some other court proceeding, the parents are either intentionally not notified, or evidence is falsified and fabricated to create probable cause.

76.   This practice in essence turns the presumption in favor of the placement of children with their natural families on its head.

Parents must ultimately bear the burden of proving that they are fit parents in order to get their children back, rather than the other way around, as it should be.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against the Count 1 Defendants for a sum in excess of $50,000.00, plus interest, delay damages, and costs of suit.

COUNT 2
<u>Assault</u>
Plaintiffs Danielle Bickle and A.B. v.
Milagros Bonet and City of Philadelphia

77.   Plaintiffs hereby repeat and incorporate by reference each and every one of the foregoing paragraphs as though fully set forth herein.

78.   This count is brought by plaintiffs, Danielle Bickle and A.B. against defendants Milagros Bonet and City of Philadelphia (the "Count 2 defendants").

79.   When plaintiff A.B. observed defendant Milagros Bonet throw a television remote control at his head, and saw it hurtling toward him, he was actually put in reasonable and immediate fear of a harmful or offensive contact with his body.

80.   Milagros Bonet, by her aforesaid act, intended to place A.B. in reasonable and immediate fear of bodily injury.

81.   Defendant, City of Philadelphia is liable to plaintiffs by way of *respondeat superior*.

82. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. was severely injured and disabled as a result of which he did suffer, is suffering and in the future will suffer great pain of body and mind; more particularly, plaintiff, A.B. suffered severe injuries, including but not limited to contusions and lacerations, all of which have caused the plaintiff great pain and agony, and all of which are permanent in nature.

83. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. has suffered serious, substantial and permanent injuries and his ability to engage in previously routine activities has been permanently impaired.

84. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. has been and will be obliged to receive and undergo medical attention and care and incur various expenses for the injuries he has suffered and may be obliged to continue to expend such sums or incur such expenses for an indefinite time in the future, to his great financial detriment.

85. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. has incurred other financial expenses or losses, which do or may exceed amounts which he may otherwise be entitled to recover from other sources.

86. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. has suffered an impairment of his earning capacity to his great financial detriment.

87.   As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. has in the past and will in the future be caused to suffer great pain, agony, mental anguish and emotional distress and humiliation.

WHEREFORE, Plaintiffs request that this court enter judgment in their favor and against the Count 2 Defendants for a sum in excess of $50,000.00, plus interest, delay damages, and costs of suit.

## COUNT 3
### Battery
#### Plaintiffs Danielle Bickle and A.B. v.
#### Milagros Bonet and City of Philadelphia

88.   Plaintiffs hereby repeat and incorporate by reference each and every one of the foregoing paragraphs as though fully set forth herein.

89.   This count is brought by plaintiff, A.B. against defendants Milagros Bonet and City of Philadelphia (the "Count 3 defendants").

90.   Defendant Milagros Bonet intended to cause a harmful or offensive contact upon the person of plaintiff, A.B, and/or intended to cause him immediate fear of bodily injury.

91.   Defendant Milagros Bonet's act of throwing a television remote control at A.B.'s head, did directly and proximately result in a harmful and offensive contact with plaintiff, A.B.'s body.

92.   Defendant, City of Philadelphia is liable to plaintiff, A.B. by way of *respondeat superior*.

93. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. was severely injured and disabled as a result of which he did suffer, is suffering and in the future will suffer great pain of body and mind; more particularly, plaintiff, A.B. suffered severe injuries, including but not limited to: contusions and lacerations, all of which have caused the plaintiff great pain and agony, and some or all of which are permanent in nature.

94. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. has suffered serious, substantial and permanent injuries and his ability to engage in previously routine activities has been permanently impaired.

95. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. has been and will be obliged to receive and undergo medical attention and care and incur various expenses for the injuries he has suffered and plaintiff may be obliged to continue to expend such sums or incur such expenses for an indefinite time in the future, to his great financial detriment.

96. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. has incurred other financial expenses or losses, which do or may exceed amounts which he may otherwise be entitled to recover from other sources.

97. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. has suffered a severe impairment of his earning capacity to his great financial detriment.

98. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, A.B. has in the past and will in the future be caused to suffer great pain, agony, mental anguish and emotional distress and humiliation.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against the Count 3 Defendants for a sum in excess of $50,000.00, plus interest, delay damages, and costs of suit.

## COUNT 4
### Assault
Plaintiffs Danielle Bickle and D.E. v.
Defendants Archdiocese of Philadelphia and City
of Philadelphia

99. Plaintiffs hereby repeat and incorporate by reference each and every one of the foregoing paragraphs as though fully set forth herein.

100. This count is brought by plaintiffs, Danielle Bickle and D.E. against defendants Archdiocese of Philadelphia and City of Philadelphia (the "Count 4 defendants").

101. When plaintiff D.E. experienced K.M. pulling her out of bed, and she saw the sole of K.M.'s boot approaching her face, she was actually put in reasonable and immediate fear of a harmful or offensive contact with her body.

102. K.M., by her aforesaid act, intended to place D.E. in reasonable and immediate fear of bodily injury.

103. Defendants are liable to plaintiffs by way of *respondeat superior*.

104. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. was severely injured and disabled as a result of which she did suffer, is suffering and in the future will suffer great pain of body and mind; more particularly, plaintiff, D.E. suffered severe injuries, including but not limited to contusions, lacerations, post-traumatic stress disorder (PTSD), depression and anxiety, all of which have caused the plaintiff great pain and agony, and all of which are permanent in nature.

105. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has suffered serious, substantial and permanent injuries and her ability to engage in previously routine activities has been permanently impaired.

106. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has been and will be obliged to receive and undergo medical attention and care, and to incur various expenses for the injuries she has suffered and may be obliged to continue to expend such sums or incur such expenses for an indefinite time in the future, to her great financial detriment.

107. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has incurred other

financial expenses or losses, which do or may exceed amounts which she may otherwise be entitled to recover from other sources.

108. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has suffered a severe loss of earnings or impairment of her earning capacity to her great financial detriment.

109. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has in the past and will in the future be caused to suffer great pain, agony, mental anguish and emotional distress and humiliation.

WHEREFORE, Plaintiffs request that this court enter judgment in their favor and against the Count 4 Defendants for a sum in excess of $50,000.00, plus interest, delay damages, and costs of suit.

## COUNT 5
### Battery
Plaintiffs Danielle Bickle and D.E. v.
Defendants Archdiocese of Philadelphia and City
of Philadelphia

110. Plaintiffs hereby repeat and incorporate by reference each and every one of the foregoing paragraphs as though fully set forth herein.

111. This Count is brought by plaintiffs, Danielle Bickle and D.E. against defendants Archdiocese of Philadelphia and City of Philadelphia (the "Count 5 defendants").

112. In dragging D.E. from her bed and stomping on her face, K.M. intended to cause a harmful or offensive contact upon the person of plaintiff, D.E. and/or cause D.E. immediate fear of bodily injury.

113. K.M.'s act of dragging D.E. from her bed and stomping on her face did directly and proximately result in a harmful and offensive contact with plaintiff, D.E.'s body.

114. Defendants are liable to plaintiff by way of *respondeat superior*.

115. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. was severely injured and disabled as a result of which she did suffer, is suffering and in the future will suffer great pain of body and mind; more particularly, plaintiff, D.E. suffered severe injuries, including but not limited to: contusions, lacerations, post-traumatic stress disorder (PTSD), depression and anxiety, all of which have caused plaintiff great pain and agony, and some or all of which are permanent in nature.

116. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has suffered serious, substantial and permanent injuries and her ability to engage in previously routine activities has been permanently impaired.

117. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has been and will be obliged to receive and undergo medical attention and care and to incur various expenses for the injuries she has suffered and may be

obliged to continue to expend such sums or incur such expenses for an indefinite time in the future, to her great financial detriment.

118. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has incurred other financial expenses or losses, which do or may exceed amounts which she may otherwise be entitled to recover from other sources.

119. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has suffered a severe loss of earnings or impairment of her earning capacity to her great financial detriment.

120. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has in the past and will in the future be caused to suffer great pain, agony, mental anguish and emotional distress and humiliation.

WHEREFORE, Plaintiffs request that this court enter judgment in their favor and against the Count 5 Defendants for a sum in excess of $50,000.00, plus interest, delay damages, and costs of suit.

## COUNT 6
### Assault
Plaintiffs Danielle Bickle and D.E. v.
Defendant Archdiocese of Philadelphia and City
of Philadelphia

121. Plaintiffs hereby repeat and incorporate by reference each and every one of the foregoing paragraphs as though fully set forth herein.

122. This Count is brought by plaintiffs, Danielle Bickle and D.E. against defendants Archdiocese of Philadelphia and City of Philadelphia (the "Count 6 defendants").

123. When plaintiff D.E. was pinned to her bed by "Demonte" and A.P. and then sexually assaulted by A.P., she was actually put in reasonable and immediate fear of a harmful or offensive contact with her body.

124. "Demonte" and A.P., by their aforesaid acts, intended to place D.E. in reasonable and immediate fear of bodily injury.

125. The defendants are liable to plaintiffs by way of *respondeat superior*.

126. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. was severely injured and disabled as a result of which she did suffer, is suffering and in the future will suffer great pain of body and mind.

127. More particularly, plaintiff, D.E. suffered severe injuries, including but not limited to contusions, lacerations, post-traumatic stress disorder (PTSD), depression and anxiety, and contracted a sexually-transmitted disease, to wit, chlamydia, all of which injuries have caused the plaintiff great pain and agony, and some or all of which are permanent in nature.

128. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has suffered serious,

substantial and permanent injuries and her ability to engage in previously routine activities has been permanently impaired.

129. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has been and will be obliged to receive and undergo medical attention and care and incur various expenses for the injuries she has suffered and may be obliged to continue to expend such sums or incur such expenses for an indefinite time in the future, to her great financial detriment.

130. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has incurred other financial expenses or losses, which do or may exceed amounts which she may otherwise be entitled to recover from other sources.

131. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has suffered a severe loss of earnings or impairment of her earning capacity to her great financial detriment.

132. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has in the past and will in the future be caused to suffer great pain, agony, mental anguish and emotional distress and humiliation.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against the Count 6 Defendants for a sum in excess of $50,000.00, plus interest, delay damages, and costs of suit.

COUNT 7
Battery
Plaintiffs Danielle Bickle and D.E. v.
Defendants Archdiocese of Philadelphia and City
of Philadelphia

133. Plaintiffs hereby repeat and incorporate by reference each and every one of the foregoing paragraphs as though fully set forth herein.

134. This Count is brought by plaintiffs, Danielle Bickle and D.E. against defendants Archdiocese of Philadelphia and City of Philadelphia (the "Count 7 defendants").

135. "Demonte" and A.P. intended to cause a harmful or offensive contact upon the person of plaintiff, D.E. and/or cause her immediate fear of bodily injury.

136. "Demonte" and A.P.'s acts of pinning D.E. to her bed and sexually assaulting, did directly and proximately result in a harmful and offensive contact with plaintiff, D.E.'s body.

137. Defendant are liable to plaintiffs by way of *respondeat superior*.

138. As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. was severely injured and disabled as a result of which she did suffer, is suffering and in the future will suffer great pain of body and mind; more particularly, plaintiff, D.E. suffered severe injuries, including but not limited to contusions, lacerations, post-traumatic stress disorder (PTSD),

depression and anxiety, and contracted a sexually-transmitted disease, to wit, chlamydia, all of which injuries have caused the plaintiff great pain and agony, and some or all of which are permanent in nature.

139.   As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has suffered serious, substantial and permanent injuries and her ability to engage in previously routine activities has been permanently impaired.

140.   As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has been and will be obliged to receive and undergo medical attention and care and incur various expenses for the injuries she has suffered and plaintiff may be obliged to continue to expend such sums or incur such expenses for an indefinite time in the future, to her great financial detriment.

141.   As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has incurred other financial expenses or losses, which do or may exceed amounts which she may otherwise be entitled to recover from other sources.

142.   As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has suffered a severe loss of earnings or impairment of her earning capacity to her great financial detriment.

143.   As a direct and proximate result of the tortious acts of the defendants as aforesaid, plaintiff, D.E. has in the past and will

in the future be caused to suffer great pain, agony, mental anguish and emotional distress and humiliation.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against the Count 7 Defendants for a sum in excess of $50,000.00, plus interest, delay damages, and costs of suit.

## COUNT 8
### Negligence
### All Plaintiffs v. All Defendants

144. Plaintiffs hereby repeat and incorporate by reference each and every one of the foregoing paragraphs as though fully set forth herein.

145. This count is brought by all plaintiffs against all defendants (the "Count 8 defendants").

146. "The duty owed to a business invitee is the highest duty owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." *Emge v. Hagosky*, 712 A.2d 315, 317 (Pa. Super. 1998).

147. If business invitees are owed the highest duty of care, certainly fostered children, who have no choice as to their caretakers, are owed as least as much. *See Emge v. Hagosky*, 712 A.2d 315, 317 (Pa. Super. 1998).

148. Each and every one of the Count 8 defendants owed the *highest* duty of care to plaintiff Danielle Bickle by virtue of their voluntary assumption of Bickle's maternal role to her exclusion.

149. Each and every one of the Count 8 defendants owed the *highest* duty of care to plaintiffs D.E., R.O., and A.B., all minors, by virtue of their voluntary assumption of Bickle's maternal role to Bickle's exclusion.

150. The Count 8 defendants carelessly, negligently, improperly, and unlawfully failed to timely and appropriately foster, nurture, supervise and care for minor plaintiffs D.E., R.O., and A.B., and allowed them to come to serious and irreparable harm.

151. The Count 8 defendants, individually or collectively, carelessly, negligently, improperly, and unlawfully permitted: R.O. and A.B. to become bitten repeatedly by bed bugs; A.B. to be bitten by a dog and to be intentionally struck in the head by defendant Milagros Bonet; all three children to be drugged by the Bonets; and D.E. to be physically and sexually assaulted.

152. The Count 8 defendants were negligent in the care and custody of plaintiffs D.E., R.O. and A.B. Specifically, the Count 8 Defendants negligently:

    a.    failed to exercise reasonable care in the selection, training, and supervision of its foster parents, agents or employees including but not limited to Milagros Maria Bonet, Louis Antonio Bonet, Lydia Caraballo, and Rolando L. Martinez;

    b.    failed to exercise reasonable care to prevent, identify and respond to a bed bug infestation and infection in plaintiffs R.O. and A.B.;

    c.    failed to exercise reasonable care to prevent, identify and and respond to a physical assault

by Milagros Bonet upon A.B. and an attack by the Milagros' dog upon A.B.;

d.   failed to exercise reasonable care to prevent, identify and respond to instances of Lydia Caraballo's drugging R.O., A.B. and D.E. in order to sedate them;

e.   failed to exercise reasonable care to prevent, identify and respond to a criminal physical assault upon D.E.;

f.   failed to exercise reasonable care to prevent, identify and respond to a criminal sexual assault upon D.E.

153.  The Count 8 defendants, in their negligent care and custody of the minor plaintiffs as aforesaid, did personally and by and through their agents, servants and employees, negligently fail to exercise ordinary care, and otherwise failed to exercise the degree of care commonly exercised by other foster parents and organizations standing *in loco parentis* in like cases having regard to the existing state of knowledge in foster care.

154.  Every individual and organization standing *in loco parentis* owes her/his/its charge a duty of care and is required to meet or exceed a certain standard of care to protect her/his/its child from injury.

155.  In their acts and omissions as aforesaid, the Count 8 defendants breached this duty and thereby deviated from the applicable standard of care in their custody and treatment of the minor plaintiffs.

156. As a direct and proximate result of the aforesaid breach of the standard of care, the plaintiffs were injured as more specifically described herein.

157. Thus, as a direct and proximate result of the carelessness, negligence, and omissions of the Count 8 defendants, plaintiffs were severely injured and disabled as a result of which they did suffer, are suffering and in the future will suffer great pain of body and mind.

158. As a direct and proximate result of the carelessness, negligence, and omissions of the Count 8 defendants, plaintiffs have suffered serious, substantial and permanent injuries and their ability to engage in previously routine activities has been permanently impaired.

159. As a direct and proximate result of the carelessness, negligence, and omissions of the Count 8 defendants, plaintiffs have been and will be obliged to receive and undergo medical attention and care and to incur various expenses for the injuries they have suffered, and plaintiffs may be obliged to continue to expend such sums or incur such expenses for an indefinite time in the future, to their great financial detriment.

160. As a direct and proximate result of the carelessness, negligence, and omissions of the Count 8 defendants, plaintiffs have incurred other financial expenses or losses, which do or may exceed

amounts which he may otherwise be entitled to recover from other sources.

161. As a direct and proximate result of the carelessness, negligence, and omissions of the Count 8 defendants, plaintiffs have suffered a severe impairment of their earning capacity to their great financial detriment.

162. As a direct and proximate result of the carelessness, negligence, and omissions of the Count 8 defendants, plaintiffs have in the past and will in the future be caused to suffer great pain, agony, mental anguish and emotional distress and humiliation.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against the Count 8 Defendants for a sum in excess of $50,000.00, plus interest, delay damages, and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to each and every one of their claims.

Respectfully submitted,

THOMAS CONNELLY, ESQUIRE

By:   Thomas P. Connelly, Jr.
      Attorney for plaintiffs

Dated: September 28, 2016

Case ID: 160801542

THOMAS CONNELLY, ESQUIRE
Thomas P. Connelly, Jr.
PA Atty. No. 200586
63 N. Broad St.
Woodbury NJ, 08096
856.521.3771 (office)
856.624.3923 (fax)
tpc@attorneytpc.com

ATTORNEY FOR PLAINTIFFS
JURY TRIAL DEMANDED

| | |
|---|---|
| DANIELLE BICKLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY of PHILADELPHIA, et al.,<br><br>Defendants. | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, COMMONWEALTH OF PENNSYLVANIA<br><br>CIVIL TRIAL DIVISION<br><br>MAJOR JURY<br><br>AUGUST TERM, 2016<br><br>No. 1542 |

## VERIFICATION

I hereby state that the facts above set forth are true and correct to the best of my knowledge, information and belief and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S.A § 4904 (relating to unsworn falsification to authorities).

Respectfully submitted,

By: /s/ Danielle Bickle
_____
Danielle Bickle
Plaintiff

DATED: September 27, 2016

THOMAS CONNELLY, ESQUIRE
Thomas P. Connelly, Jr.
PA Atty. No. 200586
63 N. Broad St.
Woodbury NJ, 08096
856.521.3771 (office)
856.624.3923 (fax)
tpc@attorneytpc.com

ATTORNEY FOR PLAINTIFFS
JURY TRIAL DEMANDED

---

DANIELLE BICKLE, et al.,

               Plaintiffs,

      v.

CITY of PHILADELPHIA, et al.,

               Defendants.

COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY,
COMMONWEALTH OF PENNSYLVANIA

CIVIL TRIAL DIVISION

MAJOR JURY

AUGUST TERM, 2016

No. 1542

---

## CERTIFICATE OF FILING AND SERVICE

Thomas P. Connelly, Jr., attorney for the plaintiffs, hereby certifies that a true and correct copy of the foregoing plaintiffs' verified complaint and this certificate of service was electronically filed and served this day upon the following counsel of record via upload to the FJD e-file server where same may be viewed and downloaded by:

Armando M. Brigandi, Esq.
City of Philadelphia Law Dept.
1515 Arch Street
Philadelphia, PA 19102

Nicholas M. Centrella, Esq.
Scott M. Vernick, Esq.
Conrad O'Brien, P.C.
1500 Market Street, Center Square
West Tower, Suite 3900
Philadelphia, PA 19102-2100

Case ID: 160801542

The undersigned further certifies that he this day served the aforesaid papers upon the following unrepresented parties by First Class U.S. Mail, postage prepaid, to his or her last known address as follows:

Milagros Maria Bonet
2132 N. 8th St.
Apt. U-1385
Philadelphia, PA 19122;

Louis Antonio Bonet
2132 N. 8th St.,
Apt. U-1385,
Philadelphia, PA 19122;

Lydia M. Caraballo,
1501 Frankford Ave.
Philadelphia, PA 19125;

Rolando L. Martinez,
1501 Frankford Ave.
Philadelphia, PA 19125.

Respectfully submitted,

THOMAS CONNELLY, ESQUIRE

By: Thomas P. Connelly, Jr.
Attorney for plaintiffs

Dated: September 28, 2016