IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIELLE BICKLE,**<br>**D.E., minor daughter of Danielle Bickle,**<br>**R.O., minor son of Danielle Bickle, and**<br>**A.B., minor son of Danielle Bickle,**<br>           Plaintiffs,<br><br>        v.<br><br>**CITY OF PHILADELPHIA,**<br>**ARCHDIOCESE OF PHILADELPHIA,**<br>**MILAGROS MARIA BONET,**<br>**LOUIS ANTONIO BONET,**<br>**LYDIA M. CARABALLO, and**<br>**ROLANDO L. MARTINEZ,**<br>           Defendants. | CIVIL ACTION<br><br><br><br>NO.  16-5480 |

**DuBois, J.**                                                                                                    December 7, 2016

**M E M O R A N D U M**

### I.     INTRODUCTION

This is a civil rights case arising out of the removal of plaintiff Danielle Bickle's minor children, plaintiffs D.E., R.O., and A.B., from her custody, and alleged subsequent neglect and mistreatment of the minor children while in foster care. Plaintiffs assert *Monell* claims under 42 U.S.C. § 1983 for violation of their Fourteenth Amendment rights against the City of Philadelphia ("the City"), and assert assault and battery claims against the City, the Archdiocese of Philadelphia ("the Archdiocese"), and Milagros Bonet. Plaintiffs also assert negligence claims against all defendants.

Presently before the Court is the City's Motion to Dismiss, which seeks dismissal of all claims against it, and the Archdiocese's Motion to Dismiss, which seeks dismissal of all claims against it except for the negligence claim asserted by D.E. For the reasons that follow, the Court grants the City's Motion, and dismisses all claims against the City. The Court also grants the

Archdiocese's Motion, and dismisses all claims against it except for D.E.'s negligence claim under Count 8. Both Motions are granted without prejudice to plaintiffs' right to file and serve an amended complaint within twenty days if warranted by the facts and applicable law.

## II.   BACKGROUND

The facts of the case as set forth in plaintiffs' Complaint are summarized as follows. In July of 2014, a Philadelphia Department of Human Services ("DHS") employee visited Bickle's home because "someone" had reported Bickle for neglecting her children. Compl. ¶ 22. Bickle "attended a truancy court hearing" in August 2014, where she "agreed to a drug test" which came back positive for methamphetamines and other drugs. Compl. ¶¶ 24, 26–27. Bickle believes the drug test results were falsified because she "does not use methamphetamine." Compl. ¶¶ 28–29. As a result, DHS "seized" D.E., R.O., and A.B., removing them from Bickle's custody. Compl. ¶ 30.

D.E. was placed with defendants Lydia Caraballo and Rolando Martinez; R.O. and A.B. were placed with defendants Milagros and Louis Bonet.[1] Compl. ¶¶ 32–33. The children were neglected and mistreated by these individual defendants. Compl. ¶¶ 34–46. Eventually, D.E. was "kicked out" and placed in the St. Francis Joseph Home for Children ("St. Francis"), a facility run by defendant Archdiocese. Compl. ¶ 47. During her stay at St. Francis, D.E. was physically and sexually abused by other residents. Compl. ¶¶ 48–55.

Plaintiffs filed the Complaint in the Philadelphia County Court of Common Pleas on September 28, 2016. The City removed the case to this Court on October 19, 2016.

---

[1] All of the individual defendants were served with, but did not respond to, the Complaint. Plaintiffs requested entry of default as to the four individual defendants on November 21, 2016, and the Clerk of Court entered default as to all four individuals on November 23, 2016.

Plaintiffs assert eight claims. In Count 1, all plaintiffs assert 42 U.S.C. § 1983 claims against the City, alleging that the City "unlawfully confined" D.E., R.O., and A.B. without due process in violation of the Fourteenth Amendment. In Counts 2 and 3, Bickle and A.B. assert assault and battery claims, respectively, against the City and Milagros Bonet. In Counts 4–7, Bickle and D.E. assert assault and battery claims against the City and the Archdiocese. Finally, in Count 8, all plaintiffs assert negligence claims, alleging that all defendants failed to exercise reasonable care in preventing various injuries suffered by plaintiffs.

Presently before the Court are the City's and the Archdiocese's Motions to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). The City seeks dismissal of all claims against it. As to Count 1, the City argues that the § 1983 claim must be dismissed because plaintiffs fail to allege misconduct by a City policymaker. City's Mot. at 3. The City also argues that Counts 2–8 are barred by the Pennsylvania Tort Claims Act, 42 Pa. C.S.A. § 8541 et seq., which immunizes municipalities from tort claims. City's Mot. at 2. The Archdiocese asks the Court to strike Counts 4–7 and portions of Count 8.[2] Specifically, the Archdiocese argues that Counts 4–7 fail to allege a factual basis for *respondeat superior* liability. Archdiocese's Mot. at 3. As to Count 8, the Archdiocese argues that the negligence claims asserted by Bickle, R.O., and A.B. should be stricken because they were never in the custody of the Archdiocese. The Archdiocese also moves to strike those portions of plaintiffs' negligence claims that seek to impute the liability of the City and the individual defendants, if any, to the

---

[2] The Archdiocese styles its pleading as a Motion to Dismiss, but its Motion asks the Court to "strike" portions of the Complaint. "A motion to strike is not a proper way to dismiss part of a complaint for legal insufficiency." *Jacobs v. Contract Callers, Inc.*, No. CV 15-05286, 2016 WL 1696818, at *2 (E.D. Pa. Apr. 28, 2016) (citations and quotations omitted). Therefore, the Court treats the Archdiocese's requests to strike as requests to dismiss under Rule 12(b)(6).

Archdiocese, because the Archdiocese had no relationship with the other defendants that could give rise to such imputation. Archdiocese's Mot. at 6.

## III.   APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to respond to a pleading by filing a motion to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

## IV.   THE CITY'S MOTION

### A.   42 U.S.C. § 1983 and *Monell*

To state a claim against the City under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, acting under color of state law, deprived her of a right secured by the United States Constitution or federal law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999). "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). To establish the liability of a municipality under 42 U.S.C. § 1983, *Monell* requires that a plaintiff prove a constitutional

4

violation by a state actor which is "based on municipal policy or custom." *Id*. at 694; *see also Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). "Policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials are so permanent and well-settled as to virtually constitute law." *Id.* (citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (internal quotations omitted)). "In either of these cases, it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom," and that the policy or custom "inflict[ed] the injury" alleged. *Andrews*, 895 F.2d at 1480.

The Court concludes that Count 1 fails to state a *Monell* claim against the City because the facts alleged do not support the alleged custom of removing children from their parents' custody without due process. Count 1 claims that the City falsified Bickle's drug test and "seized" her minor children, and thereby "unlawfully confined" the children without due process of law in violation of the Fourteenth Amendment. Compl. ¶¶ 28–30, 59. The Complaint further alleges that this was the result of a DHS custom of "institution-wide deprivation of parents' and children's constitutional rights" to which former and current Mayors Michael Nutter and James Kenney "turned a blind eye." Compl. ¶ 61. In short, Count 1 alleges that DHS had an unlawful custom of removing children from their parents' custody without due process, and that Mayors Nutter and Kenney acquiesced in that custom.

The factual allegations in the Complaint do not support the alleged custom of removing children from their parents' custody without due process. The Complaint states that "upon information and belief seven child-welfare workers in Philadelphia were fired in February and

5

March of 2016 in connection with at least two false reports about home visits." Compl. ¶ 65. But false reports relating to home visits do not support plaintiffs' claim that DHS had a custom of removing children from their parents' custody without due process. The Complaint further alleges that in April of 2014, the Community Oversight Board ("COB") issued a "troubling report" covering DHS's institutional practices. Compl. ¶¶ 62–63. However, the Complaint does not specify how the COB report relates to plaintiffs' claims, and the report itself says nothing about removing children from the parents' custody without due process. Similarly, the Complaint alleges that on May 16, 2016, the Commonwealth revoked DHS's license to care for dependent children because of "numerous violations of Pennsylvania's Child Protective Services Law." *Id.* ¶ 71. But the Complaint does not identify the nature of these violations, nor does it specify how the violations support the allegation that DHS had a custom of removing children from their parents' custody without due process. In short, the unlawful custom on which Count 1 is based is not supported by any factual allegations. Count 1 is therefore dismissed.

      B.      <u>State Law Tort Claims</u>

The Court concludes that the remaining claims against the City are barred by the Pennsylvania Tort Claims Act ("PTCA"). Count 8 is a negligence claim against the City, in which plaintiffs allege that the City failed to exercise reasonable care in preventing their injuries. However, the PTCA provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S.A. § 8541. The subchapter lists eight exceptions to this immunity where "[t]he injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties." *Klump v. Nazareth Area Sch. Dist.*, 425 F. Supp. 2d 622, 636 (E.D. Pa. 2006)

6

(emphasis added) (quoting 42 Pa.C.S.A. § 8542(a)(2)). However, none of those exceptions apply to the facts of plaintiffs' case. 42 Pa. C.S.A. § 8542. Indeed, plaintiffs do not even attempt to shoehorn their negligence claims into one of the exceptions to the rule providing immunity for municipalities. Count 8 against the City is therefore dismissed.

In Counts 2–7, plaintiffs claim the City is liable "by way of *respondeat superior*" for assaults and batteries allegedly committed against plaintiffs by defendant Milagros Bonet and three non-parties. Compl. ¶¶ 79–81, 90–92, 101–103, 112–114, 123–125, 135–137. Assault and battery are intentional torts. *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). The PTCA provides no exceptions to immunity for intentional torts. *See Klump*, 425 F. Supp. 2d at 636. Thus, Counts 2–7 against the City are also dismissed.

## V.     THE ARCHDIOCESE'S MOTION

Counts 4–7 of the Complaint aver that the Archdiocese is liable by way of *respondeat superior* for assault and battery of plaintiffs. Count 8 asserts negligence claims against all defendants, including the Archdiocese. The Court concludes that all such claims against the Archdiocese must be dismissed, with the exception of the negligence claim asserted by D.E. in Count 8.

As to Counts 4–7 against the Archdiocese, the Complaint fails to state a claim for relief. Counts 4–7 allege that the Archdiocese is liable "by way of *respondeat superior*" for assaults and batteries committed against D.E. by three "residents" of St. Francis, identified as K.M., "Demonte," and A.P. Compl. ¶¶ 48, 52, 101–103, 112–114, 123–125, 135–137. Under the theory of *respondeat superior*, "[a] master is liable for the acts of his servant which are committed during the course of and within the scope of the servant's employment." *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (Pa. 1979); *see also* Restatement (Second) of Agency § 219.

But *respondeat superior* imputes liability to an employer only when an employee or agent is "subject to the [employer's] control or right of control." *Yorston v. Pennell*, 153 A.2d 255, 259–60 (Pa. 1959). The Complaint does not allege that K.M., "Demonte," or A.P. were subject to the Archdiocese's control or right of control, and so an essential element of imputed liability based on *respondeat superior* is missing. Counts 4–7 against the Archdiocese are therefore dismissed.

Finally, the negligence claims against the Archdiocese in Count 8 must be dismissed in part because it is overly broad in two respects. First, Count 8 asserts negligence claims by "all plaintiffs"—that is, Bickle, R.O., A.B., and D.E.—against "all defendants." But the Complaint includes no factual allegations supporting negligence claims by Bickle, R.O., or A.B. against the Archdiocese. Thus, the negligence claims asserted by Bickle, R.O., and A.B. against the Archdiocese in Count 8 are dismissed. Second, Count 8 repeatedly states that "the Count 8 defendants"—that is, all defendants—are "individually or collectively" liable for various injuries suffered by the minor plaintiffs. Compl. ¶¶ 150–152. For example, Count 8 avers that all defendants are liable for "fail[ing] to exercise reasonable care to prevent, identify, and respond to instances of Lydia Caraballo's drugging of R.O., A.B., and D.E. in order to sedate them." Compl. ¶ 152(e). In other words, Count 8 claims that the Archdiocese is somehow liable for the negligence, if any, of Ms. Caraballo and the other defendants. But the Complaint does not allege any factual basis for this imputation of liability. The Court therefore dismisses those portions of Count 8 which seeks to impute to the Archdiocese the negligence, if any, of the other defendants. The sole remaining negligence claim against the Archdiocese is by plaintiff D.E. That claim is based on the alleged acts and omissions of the Archdiocese itself, and is viable.

The Archdiocese moves, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e), and to strike any "redundant, immaterial, impertinent, or

scandalous matter" under Rule 12(f). Archdiocese's Mot. at 1 n.1. The Motion under Rule 12(e) is denied on the ground that Count 8 is not "so vague or ambiguous that the party cannot reasonably prepare a response." The Court also denies the Motion under Rule 12(f) on the ground that the Archdiocese has not identified any "redundant, immaterial, impertinent, or scandalous matter" in Count 8.

## VI. CONCLUSION

For the foregoing reasons, the Court grants the City's Motion and dismisses all of plaintiffs' claims against it. The Court also grants the Archdiocese's Motion, and dismisses all claims against the Archdiocese excepting, under Count 8, negligence claims brought by D.E. based solely on the actions of the Archdiocese.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The Court cannot say that all of the dismissed claims are futile on the present state of the record. Thus, the dismissal of plaintiffs' claims is without prejudice to plaintiffs' right to file and serve an amended complaint within twenty days if warranted by the facts and applicable law. An appropriate order follows.