### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIELLE BICKLE,** **D.E., daughter of Danielle Bickle, DANIELLE BICKLE, Individually and as Parent and Natural Guardian of R.O., a minor, and DANIELLE BICKLE, Individually and as Parent and Natural Guardian of A.B., a minor,** | **CIVIL ACTION** |
| **Plaintiffs,** | **NO.  16-5480** |
| **v.** | |
| **MILAGROS MARIA BONET, LYDIA M. CARABALLO, and ROLANDO L. MARQUEZ,** **Defendants.** | |

**DuBOIS, J.**                                                                                        **March 25, 2021**

## <u>M E M O R A N D U M</u>

### I.       INTRODUCTION

This is a civil rights action arising out of the removal of plaintiff Danielle Bickle's minor children, D.E., R.O. and A.B, from her custody, and subsequent neglect and mistreatment of the children while in foster care.  D.E. has reached the age of majority since the filing of the Complaint.

Based on the following Findings of Fact and Conclusions of Law, judgment is entered in favor of A.B. and R.O. in the amounts of $4500 and $3000, respectively, and against Milagros Bonet, plus interest at the lawful rate from the date of this Memorandum and Order.  Judgment is entered in favor of A.B., R.O. and D.E. in the amounts of $5000, $5000 and $2000, respectively, and against Lydia Caraballo and Rolando Marquez, jointly and severally, plus interest at the lawful rate from the date of this Memorandum and Order.

## II.     PROCEDURAL BACKGROUND

This case was removed from the Court of Common Pleas of Philadelphia County on October 19, 2016.  In the Complaint, plaintiffs asserted *Monell* claims under 42 U.S.C. § 1983 against the City of Philadelphia ("the City"), assault and battery claims against the City, the Archdiocese of Philadelphia ("the Archdiocese") and Milagros Bonet, and negligence claims against all defendants.  By Memorandum and Order dated December 7, 2016, the Court granted Motions to Dismiss filed by the City and the Archdiocese, dismissing all claims against the City and all claims, except the negligence claim asserted by D.E., against the Archdiocese.

Plaintiffs filed an Amended Complaint on December 16, 2016, asserting assault and battery claims against Milagros Bonet, and negligence claims against all defendants except the City.  By joint stipulation dated August 2, 2017, the parties dismissed with prejudice the negligence claim against the Archdiocese.  Document No. 26.

On November 21, 2016, a default was entered against Milagros Bonet, Louis Bonet, Lydia Caraballo and Rolando Marquez for failure to appear, plead or otherwise defend.  Default judgment against those defendants was entered on November 2, 2017.  The default judgment against Louis Bonet was subsequently opened and stricken without prejudice, by agreement of plaintiffs' counsel, on the ground that there was no evidence that Louis Bonet was involved in the events giving rise to this case.  Document No. 37.  What remains in the case are default judgments against Milagros Bonet, in favor of A.B. and R.O.—for assault, battery and negligence—and against Lydia Caraballo and Rolando Marquez, in favor of A.B., R.O. and D.E.—for negligence.

"[P]laintiffs seek purely non-economic compensatory damages in the form of physical and mental pain and suffering, and punitive damages, all in the Court's discretion."  Pls.'

Damages Mem., 5.  On November 21, 2017 and August 23, 2018, hearings were held for the purpose of assessing damages.[1]  The Court's assessment of damages is based on the following:

### III.    FINDINGS OF FACT

1.      Danielle Bickle has three children: a daughter, D.E., who reached the age of majority during the pendency of this action, and two minor sons, R.O. and A.B.

2.      On or about August 18, 2017, Bickle's children were placed into foster care by the Philadelphia Department of Human Services.  R.O. and A.B. were placed in the care of defendant Milagros Bonet.  D.E. was placed in the care of defendants Lydia Caraballo and Rolando Marquez.

3.      While in the Bonet home, A.B. and R.O. sustained numerous bites on their legs, which appeared to be bed bug bites.  The bites became progressively worse over several months. Aug. 23, 2018 Hrg. Tr. 32:17–33:10.

4.      Plaintiffs provided photographic evidence of the bites, which appeared severe and covered A.B. and R.O's bodies.

5.      Also while living in the Bonet home, A.B. was struck in the head by a television remote control thrown by "the man that was living with Ms. Bonet."  *Id*. 34:18–25.

6.      R.O and A.B. were eventually removed from the Bonet home and placed in the home of Lydia Caraballo and Rolando Marquez where their sister D.E. was placed.

7.      While in the Caraballo/Marquez home, Lydia Caraballo administered "ZZZQuil" to R.O. and A.B. approximately every night for five months.  The boys were told that it was "grape juice" and that it would make them sleep.  *Id*. 36:13–23; 46:1-11.

---

[1]      The issuance of this Memorandum and Order was delayed by reason of administrative oversight.  This case was marked closed on November 6, 2017, the day the default judgment was docketed, and before the Court assessed damages.  The oversight was only recently discovered in a review of files.

8.      The "ZZZQuil" label states that it is not "safe" for consumption by children under the age of 12.  The boys, R.O. and A.B., were under the age of 12 at all times during the administration of "ZZZQuil."  Am. Compl. ¶ 28–29.

9.      On eight or nine occasions, when D.E. complained of a headache or other ailments, Lydia Caraballo administered Tylenol 3—a prescription pain killer that contains codeine—to D.E.  Tylenol 3 would make D.E. nauseous, drowsy and dizzy.  D.E. did not have a prescription for Tylenol 3, nor did she consent to taking Tylenol 3.  Aug. 23, 2018 Hrg. Tr. 27:23–24; 44:10–45:10; 47:7–10.

10.     Plaintiffs presented no evidence of money damages.

## IV.   CONCLUSIONS OF LAW

11.     The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12.     Liability against Milagros Bonet for assault, battery and negligence has been established through the issuance of a default pursuant to Federal Rule of Civil Procedure 55, as has liability against Lydia Caraballo and Rolando Marquez for negligence.  As a result, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)).

13.     "If the damages are not for a 'sum certain or for a sum which can by computation be made certain,' the 'court may conduct such hearings or order such references as it deems necessary and proper.'"  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted) (quoting Fed. R. Civ. P. 55 (b)(1)–(2)).

**A.  Calculation of Compensatory Damages**

14.     Plaintiffs are entitled to noneconomic damages for past and future "(1) pain and suffering; (2) embarrassment and humiliation; (3) loss of ability to enjoy the pleasures of life; and (4) disfigurement."  Pa. Suggested Standard Jury Instructions § 7.130 (2013); *see also Vogelsberger v. Margee-Womens Hosp. of UPMC Health Sys.*, 93 A.3d 540, 555 (Pa. Super. Ct. 2006).

15.     Plaintiffs have established that, while under the care of Milagros Bonet, A.B. and R.O. suffered pain and discomfort as a result of the bed bug bites, which went untreated for several months and left permanent scars.

16.     Plaintiffs have also established that, while under the care of Milagros Bonet, A.B. was struck in the head with a television remote control, resulting in emotional and physical pain.

17.     With respect to the injuries inflicted by Milagros Bonet, the Court awards A.B. $4500 and R.O. $3000.

18.     Plaintiffs have further established that, every night over the five months that A.B. and R.O. lived in the Caraballo/Marquez home, they were given a sleep aid that was not safe for children their age, in apparent disregard of warning labels on the bottle.

19.     Also, while living in the Caraballo/Marquez home, D.E. was given a prescription pain killer on eight or nine occasions, and suffered physical pain and discomfort each time.

20.     Plaintiffs have demonstrated that their injuries resulted from the collective failure of Lydia Caraballo and Rolando Marquez to exercise due care in fulfilling their roles as foster parents.

21.     With respect to the injuries inflicted by Lydia Caraballo and Rolando Marquez, the Court awards A.B. $5000, R.O. $5000, and D.E. $2000.

**B.  Punitive Damages Denied**

22.     Under Pennsylvania tort law, a court may award punitive damages "for conduct that is outrageous, because of defendant's evil motive or his reckless indifference to the rights of others."  *Feld v. Merriam*, 485 A.2d 742, 747-48 (Pa. 1984) (quoting *Restatement (Second) of Torts* § 908(2) (1979)).  In awarding punitive damages, the Court must consider: (1) the character of the act, (2) the nature and extent of the harm, and (3) the wealth of the defendant. *See, e.g.*, *Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 740 (3d Cir. 1991); *Restatement (Second) of Torts* § 908.

23.     Plaintiffs have not presented any evidence that the defendants acted with malice or reckless disregard in inflicting the aforesaid injuries on plaintiffs.  Thus, the Court denies plaintiffs' request for punitive damages.

An appropriate order follows.